UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDGARDO MUNIZ AND ) | |
| XAVIER NEGRON ) | CASE NO: |
|     Plaintiffs ) | |
| V. ) | JURY TRIAL DEMANDED |
| ) | |
| COLONIAL MOTORS, INC. ) | COMPLAINT |
|     Defendant ) | |
| ) | JANUARY 5, 2007 |

## INTRODUCTION

1. This is a suit brought pursuant to the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), and includes pendent state law claims for violations of the Retail Installment Sales Finance Act, Conn. Gen. Stat. § 36a-770 *et seq*. and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.* ("CUTPA") and

## PARTIES

2. The plaintiff Edgardo Muniz is a consumer residing in New Haven, Connecticut.

3. The plaintiff Xavier Negron is a consumer residing in New Haven, Connecticut.

4. The defendant, Colonial Motors, Inc., is a Connecticut corporation with a principal place of business in Milford, Connecticut.

## JURISDICTION

5. Jurisdiction in this court is proper pursuant to 15 U.S.C. §1640(e), 28 U.S.C. §1331 and §1337, and Fed. R. Civ. P. 18(a).

6. Venue in this Court is proper, because all parties are Connecticut residents and because the conduct complained of occurred in this state.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

7. On December 23, 2006, Plaintiffs, who are Spanish-speaking, went to the defendant's dealership and decided to purchase a new Toyota Camry.

8. Plaintiffs submitted a credit application to the defendant and were informed by the defendant that their application was approved and that they could finance the purchase of the vehicle for monthly payments of approximately $450/month.

9. Plaintiffs executed a purchase order and a retail installment sales contract for the vehicle, but the defendant did not provide them with copies of any of the documents except for a receipt for the $2,500 deposit, which was paid at that time.

10. Plaintiffs did not take delivery of the vehicle at that time, because they first had to acquire insurance.

11. Subsequently, Plaintiffs learned that the cost to insure the vehicle was substantially greater than they could afford, and they decided not to go ahead with the transaction.

12. Plaintiffs have requested a return of the $2,500 deposit, but the defendant has refused to provide it.

**FIRST CAUSE OF ACTION**
**Truth-in-Lending Act**

13. Paragraphs 1-12 are incorporated.

14. The retail installment sales contract was a consumer credit sale with Defendant under TILA, 15 U.S.C. § 1602(g) and (h) and Regulation Z § 226.2(p) and (t), and Conn. Gen. Stat. § 36a-676.

15. Defendant did not give Plaintiffs the required disclosures under TILA.

16. Defendant is liable to Plaintiffs under 15 U.S.C. § 1640(a)(1), for their actual damages, statutory damages of $1,000, plus costs and reasonable attorney's fees.

## SECOND CAUSE OF ACTION
## RISFA

17. Paragraphs 1-15 are incorporated.

18. Defendant failed and refused to provide Plaintiffs with a copy of the retail installment sales contract as required by RISFA.

19. The Defendant is restored to its position prior to the transaction, as it has retained possession of the Vehicle at all times and has not registered it to the Plaintiffs or arrange for the transfer of title to the Plaintiffs.

20. Plaintiffs are entitled to an order that the transaction is rescinded and to a return of the $2,500 deposit.

## THIRD CAUSE OF ACTION
### Unfair Trade Practices

21. Paragraphs 1-20 are incorporated.

22. The foregoing conduct constitutes unfair and deceptive acts and practices in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq*.

23. The Defendant is liable to the Plaintiffs for their actual damages, a reasonable attorney's fee, plus punitive damages.

**WHEREFORE**, the plaintiff seeks recovery of monetary damages; statutory damages under 15 U.S.C. § 1640(a)(2)(A)(i); punitive damages under Conn. Gen. Stat. § 42-110g(d); reasonable attorney's fees under 15 U.S.C. § 1640(a)(3), Conn. Gen. Stat. § 42-110g(a); and Conn. Gen. Stat. § 42-150bb; and, such other relief as may apply at law or at equity.

**PLAINTIFFS, EDGARDO MUNIZ AND XAVIER NEGRON**

By: \_/s/ Daniel S. Blinn_____
    Daniel S. Blinn    ct02188
    dblinn@consumerlawgroup.com
    Consumer Law Group, LLC
    35 Cold Spring Road; Suite 512
    Rocky Hill, CT  06067
    Tel  (860) 571-0408   Fax (860) 571-7457

4